

WRITER'S ADDRESS:
457 Haddonfield Rd. | Suite 200
Cherry Hill, NJ 08002
D (856) 382-2274
F (856) 751-1230

*An Illinois Limited Liability Partnership*

William K. Pelosi, New Jersey Managing Attorney
**Carol Rogers Cobb**
Email: Cobb@LitchfieldCavo.com

September 30, 2025

**VIA CM/ECF**

The Honorable Robert Kirsch
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Room 2020
Trenton, NJ 08608

    Re:    *The Diocese of Trenton v. Century Indemnity Co., et al.*, Case No. 3:25-cv-01092-RK-JTQ (D.N.J.) – Second Request for Pre-Motion Conference by Defendant First State Insurance Company

Dear Judge Kirsch:

    We represent First State Insurance Company ("First State") in this matter. We write pursuant to this Court's Rules and Procedures regarding pre-motion conferences.

    First State previously requested a pre-motion conference by letter on March 18, 2025 for permission to move to dismiss on failure to state a claim on which relief can be granted. After the parties participated in the required meet-and-confer last March, the parties agreed to extend First State's time to respond to seek a resolution of the issues outlined in the letter. However, despite their efforts, the parties have been unable to reach a resolution. First State again requested a pre-motion conference by letter on August 18, 2025. However, that request was mooted by order of the court to allow the Diocese of Trenton (the "Diocese") to file an amended complaint, which it did on September 16, 2025. First State renews its request for a pre-motion conference based on this amended complaint.

    First State issued an excess umbrella policy for policy period December 3, 1977 to December 3, 1978. As an excess carrier, First State can have no potential coverage obligations unless and until the underlying insurance has been properly exhausted, which the Diocese has not alleged because it cannot. For the Court to have subject matter jurisdiction, there must be a ripe controversy between the parties. If the Diocese cannot allege, let alone prove, proper exhaustion of underlying insurance, there is no ripe controversy between the Diocese and First State. *See* Excelsior Ins. Co. v. Selective Ins. Co. of Am., 696 F. Supp. 3d 15, 31-32 (D.N.J. 2023). Should the Diocese disagree and believe there is a ripe controversy, First State alternatively would move the Court for a more definite statement to enable First State to understand the basis of the Diocese's claim against First State.

Atlanta | Boston area | Chicago | Dallas-Fort Worth | Fort Lauderdale | Hartford area | Houston | Indiana
Kansas City | Las Vegas | Los Angeles area | Louisiana | Milwaukee | New Jersey | New York | Philadelphia
Phoenix | Pittsburgh | Providence | Salt Lake City | St. Louis | Tampa | West Virginia

www.LitchfieldCavo.com



September 30, 2025
Page 2

As the Court knows, this diversity action arises out of the Diocese's claims for coverage against certain of its insurers for underlying claims brought against the Diocese under the New Jersey Child Victim Act, N.J.S.A. § 2A:14-2a, (the "CVA"), which involves alleged incidents of sexual abuse occurring decades ago (the "CVA Claims").  *See* Amend. Compl. ¶ 1.  The Diocese has made three claims against First State regarding an umbrella liability insurance policy, No. 908681, allegedly sold by First State to the Diocese, for the period December 3, 1977 to December 3, 1978 (the "First State Umbrella Policy"): (1) Declaratory Judgment with respect to First State's duty to defend, (2) Declaratory Judgment regarding the exhaustion of the underlying policy's limits, and (3) Breach of Contract.  Amend. Compl. ¶¶ 7, 71, 79, 83.  The First State Umbrella Policy is alleged to provide $5,000,000 in coverage, excess of underlying insurance, which the Diocese contends is $1,000,000 per occurrence and in the aggregate, or excess of $10,000 "ultimate net loss" for any occurrence not covered by underlying insurance.  Amend. Compl. ¶¶ 43, 49.

The Complaint does not allege any facts that demonstrate that any CVA Claim currently implicates the coverage provided by the First State Umbrella Policy.  To state a successful claim for coverage, the Diocese must first make a prima facie showing that its claim falls within the policy's grant of coverage. Wilson v. USI Ins. Service LLC, 57 F.4th 131, 141 (3d Cir. 2023) (citing Hartford Accident & Indemn. Co. v. Aetna Life & Cas. Ins. Co., 483 A.2d 402, 408 (N.J. 1984)).  While detailed factual allegations are not required, the complaint must include more than conclusory statements or a recitation of the elements of a cause of action.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  However, the Diocese has not specifically alleged that any of the CVA claims involve injury within the First State Umbrella Policy period.  The only statement the Diocese makes regarding the timing of any claim is a conclusory statement that "[a]ll of the Defendant Insurance Companies sold polices of liability insurance to the Diocese that were in place when some or all of the underlying incidents allegedly happened."  Amend. Compl. ¶ 2.  This "naked assertion" without "further factual enhancement" is exactly the type of shotgun pleading that the federal rules guard against.  Ashcroft, 556 U.S. at 678.  The Complaint's failure to specifically identify any CVA Claim that occurred within the policy period of the First State Umbrella Policy warrants the dismissal of the Diocese's Complaint.

Further, the First State Umbrella Policy does not apply unless and until the underlying limits or retained limit are satisfied, which is a prerequisite to any claim for coverage for claims alleging "personal injury" within the policy period of the First State Umbrella Policy.  *See* Amend. Compl. ¶¶ 43-49.  However, the Diocese has failed to allege sufficient facts that show that the underlying limits are exhausted.  The only factual allegation the Diocese makes to support its conclusion that the underlying limits are exhausted is that, with respect to the CVA Claims that allege abuse during First State's policy period, "the Diocese's records show that more than $1 million in settlement payments have been made by the Diocese without reimbursement by insurance."  Amend. Compl. ¶52.  This allegation is insufficient, as the amount that the Diocese has expended on settlement payments is meaningless on its own.  For the Diocese to show that the First State Umbrella Policy is applicable, the Diocese must also allege that more than $1 million dollars in loss should be allocated to and would be covered by the underlying insurance.



September 30, 2025
Page 3

Only then does the First State Umbrella Policy apply, and First State's obligations under the policy are triggered. Without these allegations, the Diocese has not shown that First State Umbrella Policy could provide coverage to the CVA claims under the terms of the policy.

Further, the Court will only have subject matter jurisdiction if the Diocese has plausibly alleged that it has been found liable for damages covered by the First State Umbrella Policy. The Diocese has not so alleged.

Finally, in the alternative, First State wishes to move for a motion for a more definite statement. As stated above, any obligation First State may have to the Diocese is limited to its rights and duties under the First State Umbrella Policy. First State cannot determine from the Complaint, however, how many or which CVA Claims, if any, involve injury alleged to have occurred during its policy period, the share of indemnity for any such claims that should be allocated to its policy period, the total amount of defense costs that the Diocese has incurred to date, or even which settlements the Diocese is relying upon to make its determination that the underlying insurance has been exhausted. Without such information, it would be impracticable, and prejudicial for First State to admit or deny the allegations as they are currently lodged.

For these reasons, First State believes that there is a strong basis for its anticipated motion to dismiss, or in the alternative, for a more definite statement. First State looks forward to its meet-and-confer with the Diocese regarding these issues, and its pre-motion conference with the Court should it be unable to resolve these issues.

    Respectfully submitted,

*/s/ Carol Rogers Cobb*
Carol Rogers Cobb
Litchfield Cavo LLP
457 Haddonfield Rd., Suite 200
Cherry Hill, NJ 08002
Main: (856) 854-3636
Fax:   (856) 751-1230
cobb@litchfieldcavo.com
*Counsel for First State Insurance Company*


September 30, 2025
Page 4

                                            */s/ Marshall Rich*
                                            Marshall Rich, pro hac vice
                                            Ruggeri Parks Weinberg LLP
                                            1875 K Street NW, Suite 800
                                            Washington, DC 20006-1251
                                            Phone:  (202) 469-7756
                                            Fax:     (202)984-1401
                                            mrich@ruggerilaw.com
                                            *Counsel for First State Insurance Company*

cc: All Counsel of Record (via ECF)
    James P. Ruggeri
    (jruggeri@ruggerilaw.com)