

EUGENE KILLIAN, JR*

DIMITRI TERESH*

VIRGINIA NAIROOZ*

* MEMBER NJ & NY  BAR

# THE  KILLIAN FIRM, P. C.

### ATTORNEYS AT LAW

July 24, 2026

**VIA ECF**
Hon. Robert Kirsch, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Courtroom 4E
Trenton, NJ 08608

> Re:    **The Diocese of Trenton v. Century Indemnity Co., et al.**
> **Case No. 3:25-cv-01092-RK-JTQ**
> **Status Report to Court**

Dear Judge Kirsch:

Our law firm represents the Diocese of Trenton, the plaintiff in this insurance coverage case. I am writing with the consent of remaining defense counsel to provide the Court with a status report with respect to settlement negotiations.

Since the Court entered a stay in this case, the parties made substantial progress in resolving this matter without further judicial involvement. Plaintiff has reached resolutions with Utica Mutual Insurance Company (not a party to this action) (1973-1977 policy years); Century Indemnity Company (Chubb) (1957-1973 policy years); and  St. Paul Fire and Marine Insurance Company / Travelers (1978-1982 policy years). These resolutions have materially narrowed the scope of this litigation.

Plaintiff and National Union Fire Insurance Company of Pittsburgh, Pa. (AIG) have made significant progress on a cost-sharing agreement that would resolve Plaintiff's claims against National Union in this action. The agreement is nearing final form, although revisions recently proposed by Plaintiff are still subject to approval by National Union. . Client authorization on National Union's endhas been delayed, however, as AIG's principal contact on this file was recently involved in a serious accident and remains out of the office as of the date of this letter. Efforts to coordinate and update others at National Union are underway, and the parties are hopeful that all necessary approvals can be provided shortly, at which point the agreement can be executed anda stipulation of dismissal as to National Union will be submitted to the Court.

*Hon. Robert Kirsch, U.S.D.J.*
*July 24, 2026*
*Page 2*

Plaintiff and First State have engaged in extensive, good-faith settlement discussions over an extended period, including the exchange of several drafts of a proposed cost-sharing agreement. Those discussions have been complicated by a discrete but serious coverage question that potentially involves a very significant sum.

That question concerns whether there is an applicable aggregate limit for bodily injury claims in the 1977-1978 special multi-peril policy issued by Midland Insurance Company (Midland) underlying the 1977-1978 umbrella policy issued by First State. The parties disagree as to whether, or to what extent, the aggregate limit in the Midland policy applies to the underlying claims at issue in this action. This issue directly affects whether First State has a present obligation to provide coverage to Plaintiff for the underlying claims tendered to it, or when or if First State may have such an obligation in the future. This question is further complicated by the fact that Midland is insolvent and neither party currently has a complete copy of the Midland policy. The parties have exchanged their respective positions in detail and have been unable to reach agreement or compromise on this issue.

The Diocese and First State jointly advise the Court that this dispute is unlikely to be resolved through further negotiation or through a settlement conference or mediation at this juncture. Both parties agree that resolution will require fact discovery, may require expert discovery concerning historical policy language and industry practice, and will ultimately require a determination by the Court.

The parties jointly request that the Court issue an Order providing for the following:

1. Restore this matter to the active calendar;

2. Set a date by which answers or other responsive pleadings shall be filed; and

3. Refer the matter to Magistrate Judge Quraishi for a scheduling conference pursuant to Fed. R. Civ. P. 16 to establish a discovery schedule.

The parties are available at the Court's convenience should the Court wish to address these matters.

Respectfully Submitted,
/s/ Eugene Killian, Jr.
The Killian Firm, P.C.
ekillian@tkfpc.com

cc:  All Defense Counsel (via ECF)

